*281 MR. JUSTICE HUNT
dissenting:
I dissent.
The majority’s contention that Rule 1, M.R.App.P. prevents appellants from appealing the order of the District Court is untenable. Although the majority has stated that Rule 24 is designed to promote efficiency and avoid delay by allowing all interested parties to participate in one action, they ignore this policy for purely technical reasons. A better approach is that taken in Moore’s Federal Practice.
“Rather, a jurisdictional rule has arisen under which an order denying intervention is appealable if intervention was a matter of right; but if intervention is permissive only, the order denying intervention is appealable only if the court has abused its discretion.” 3A Moore’s Federal Practice, paragraph 24.15 (1985).
“The appropriate solution therefore should be to treat all denials of intervention as final orders, but to reverse only where there was intervention of right or an abuse of discretion in denying permissive intervention.”
3A Moore’s Federal Practice, paragraph 24.15, (1985).
Richard V. Bottomly and James J. Bottomly are entitled to intervene as a matter of right under Rule 24(a), M.R.Civ.P. The four elements necessary to this intervention are easily met. First, the Bottomlys’ application was timely. Although the motion to intervene was not filed until 3% years after the complaint was filed nothing had occurred in the case except the filing of an answer. No prejudice or delay would be caused by allowing intervention at this point. Second, the Bottomlys claim an interest relating to the property involved in this action. The undisputed ownership of the Lake McDonald property by the Bottomlys sufficiently satisfies this element. Third, it is certain that the Bottomlys’ ability to protect this interest may be impeded or impaired without their intervention. The Bottomlys plan to sue plaintiff insurance company for bad faith for bringing suit against defendants whom the Bottomlys maintain are insureds under their policy. They would certainly be impeded from claiming the insurance company had no right to sue if this suit is allowed to proceed without them. Finally, the existing parties cannot adequately protect the Bottomlys’ interest in their property. The defendants have no proprietary interest in the land nor are they the policy holder.
Given that all the elements necessary for right of intervention are present, the Bottomlys should have been allowed to protect their *282 interest in the most efficient manner. As it stands they shall have to instigate a separate suit having only one factor to distinguish it from the present one: the labels of plaintiff and respondent on the parties.
MR. JUSTICE SHEEHY concurs in the foregoing dissent of MR. JUSTICE HUNT.